ORIGINAL

FILED

JUN ' 9 2014

U.S. COURT OF
FEDERAL CLAIMS

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HARPER INTERNATIONAL CORP. | ) |
|          Petitioner, | ) |
| | ) |
|          v. | )   Docket No. _____ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
|          Respondent. | ) |

14- 492T

### ORIGINAL COMPLAINT

COME NOW, HARPER INTERNATIONAL, CORP. (hereinafter referred to as the "Taxpayer" or "Harper") by and through its undersigned counsel, and files this Original Complaint against the United States of America and alleges as follows:

### Taxpayers Information

1.   Harper International Corp is a corporation organized under the laws of the State of New York which has its principal office and mailing address 4455 Genesee Street, Suite 123, Buffalo, New York 14225.

### Jurisdiction and Venue

2.   This civil action against the United States is for a tax refund of amounts paid to the United States Treasury under 26 United States Code §7422.

3.   This Court has jurisdiction pursuant to 28 United States Code §§ 1491 and 28 United States Code § 1346.

### Background Facts

4.   This is an action arising under Internal Revenue Code of 1986, as amended and codified in Title 26 of the United States Code, for


RECEIVED

JUN -9 2014

OFFICE OF THE CLERK
U.S. COURT OF FEDERAL CLAIMS

recovery of federal income taxes paid and $13,196.00 in penalties assessed and collected by the federal government from Plaintiff for Plaintiff's Tax Year ending December 2006.

**A.   Company Background**

5.   Harper International Corp is a global leader in complete thermal processing solutions and technical services essential for the production of advanced materials.

6.   Harper Int'l designs and produces customized thermal systems requiring strict high atmospheric settings and intense temperatures.

7.   Harper Int'l offers advanced automation systems and fabricates custom components to predetermined specifications and parameters to meet unique customer challenges and requirements.

8.   Harper Int'l research and development includes its development of thermal systems with an operating range up to 3,000°C and a variety of applications including carbon composites for aviation, sports, medical equipment, nuclear fuel, inorganic chemicals, advanced ceramics for aerospace and automotive industries, ferrites for power components, electronic components for computers and telecommunications, and modern metals processing. The Company utilizes a variety of technologies to develop durable and efficient thermal systems including the following:

- Microsphere and Encapsulation;
- Carbon Fiber Systems;
- Rotary Tube Furnaces and Calciners;
- Microwave Systems;
- Tunnel Kilns;
- Graphite Harper Hearth;
- Engineering and Automation; and
- Piloting, Testing, and Feasibility

**B.   Harper International's claim for the increasing research activities tax credit.**

9.   During 2005-2009 tax years, Harper International Corp, in the carrying on of its business, engaged in the development of unique and innovative thermal processing solutions, for which qualified research activities were undertaken.

10.   Harper filed amended federal tax returns (Form 1120X) for the tax years ending December 2005 and 2006 to claim the tax credits for increasing research and development.   The tax returns for the periods involved were filed with the Office of the Internal Revenue Service in Ogden, Utah.

11.   In addition to qualified research expenses claimed for 2005 and other years, Harper International Corp. identified and claimed qualified research expenses of $659,800 incurred in connection qualified research activities for the 2006 tax year.

12.   As a result of Harper International Corp's qualified research expenses incurred in each tax year, Harper International Corp originally claimed a Research Credit of $42,887 for the 2006 tax year. Due to changes in tax regulations and legal precedent, Petitioner's claim for research and development tax credit increased to $444,166.

13.   The I.R.S. audited Harper International Corporation's claims for the tax credits for increasing research activities for tax years 2005-2008.

**C.    The Commissioner denied Petitioner's claim for the R&D credits for the 2005 and 2006 Tax years.**

14.    During examination Petitioner substantiated all elements of the qualified research activities and expenses through contemporaneous books and records utilized in calculating the Credit for Increasing Research Activities, pursuant to Internal Revenue Code Section 41 and identified qualified research expenses including $659,800 in qualified wages, $2,650,402 in qualified supply costs, and $1,131,460 in qualified contract research expenses for the 2006 tax year.

15.    As a result of the Commissioner's examination of Petitioner's amended 2005 and 2006 tax year returns the Commissioner determined Petitioner's expenses did not qualify for the credit for increasing research activities, and Petitioner failed to produce the required factual support for the assumptions underlying the base period calculations.

16.    Petitioner filed suit in Tax Court challenging the Commissioner's disallowance of Petitioner's claim for the R&D tax credit for 2005. Petitioner did not file suit in Tax Court challenging the 2006 disallowance because Petitioner would be seeking a refund for the 2006 tax year which requires suit be filed in the Court of Federal Claims or the U.S. District Court.

17.    In Tax Court, Petitioner and the Government settled the Tax Court suit on the 2005 R&D Credit.  For 2005 the parties agreed to $424,641 in research credits.  However, only $151,570 of the agreed research credits were utilized by Petitioner for 2005.

18.    The remaining available credits for 2005 of $273,071 were carried forward to 2006.

4

**D.    The pending 2006 tax year.**

19.   I.R.S. reviewed the matter and on June 5, 2012, the IRS issued notice that Harper's claim for the research and development tax credit for the tax year ending December 2006 would be disallowed in full and penalties would be assessed.    A true and correct copy of the Commissioner's letter is attached as "Exhibit A".

20.   The Government's disallowance of Harper's tax credit was in error for the following reasons:

> A.    Harper incurred substantial qualified research expenses during the 2006 tax years for which the law provided a tax credit.
>
> B.    Defendant's flawed interpretation of the applicable Internal Revenue Code requirements for establishing the base period calculations places an unreasonable burden on the taxpayer regarding documentation which was not intended by the U.S. Legislature the when the applicable laws were drafted. Defendant's flawed interpretation of applicable Internal Revenue Code requirements would also eviscerate the tax incentive for many deserving companies who conduct research and development at great financial risk.
>
> C.    The Government's disallowance is also in error because it is not in the spirit the research and development tax credit laws which were created to incentivize companies like Avongard.
>
> D.    Defendant erred in its interpretation and application of the Internal Revenue Code requirements for the Taxpayer to properly claim the research and development tax credit;
>
> E.    Defendant erred in completely disallowing Petitioner's research and development tax credit for tax years ending December 2006 allegedly because the base amount was not calculated in accordance with the appropriate sections of the Internal Revenue Code;
>
> F.    Defendant erred in improperly calculating the research and development tax credit for tax year ending December 2006;
>
> G.    Defendant erred in improperly assessing a penalty to taxes due for tax year ending December 2006.

21.   Pursuant to the IRS' stipulation in United States Tax Court case, docket number 19076-12, Petitioner is entitled to a carryover general business credit equal to $273,071

## Damages Sought

22.   Harper is entitled to the disallowed research and development credits of $444,166 and a refund of federal income taxes paid and collected from Plaintiff by Defendant for Plaintiff's Tax Year ending December 2006 and any additional research and development expenses or wages that are identified to which the Taxpayer is entitled plus interest.

23.   Harper is further entitled to $273,071 in credits carried-over from the 2005 tax year.

24.   Harper is further entitled to a waiver of any and all penalties assessed during tax year ending December 2006.

25.   Harper is further entitled to the maximum interest under the applicable tax laws.

26.   Harper is further entitled to its costs of court.

## Prayer for Relief

WHEREFORE, Plaintiff prays that this Court hear this proceeding and sign a final judgment as follows:

(1)   finding and ordering that the Government's full disallowance determined for tax years ending December 2006 is erroneous;

(2)   finding that Harper is entitled to the full amount of the disallowed research and development credit of $444,166.00 in federal

6

income taxes for the tax Year ending December 2006; or, in the alternative, the appropriate amount of the research and development credit to which Petitioner is entitled;

(3) finding that Harper is further entitled to utilize the carry-forward general business credit from the 2005 tax year.

(4) finding that Harper is further entitled to the maximum interest under the applicable tax laws;

(5) finding that Harper is entitled to its costs of court; and

(6) granting such other further relief to Plaintiff as this Court may deem proper.

Respectfully submitted,

ZERBE, FINGERET, FRANK & JADAV, P.C

MICHAEL A. THOMPSON

3009 Post Oak Blvd. Ste. 1700
Houston, Texas 77056
Tel: (713) 350-3529
Fax: (713) 350-3607
ATTORNEYS FOR PETITIONER

7

**Internal Revenue Service**
Appeals Office
290 Broadway -11th Floor
New York, NY 10007

**Department of the Treasury**

**Person to Contact:**
Alexander Toibman
Employee ID Number: 13-24854
Tel: 212-298-2473
Fax: 212-298-2410

Date: June 5, 2012

HARPER INTERNALTIONAL CORPORATION
100 W DRULLARD AVENUE
LANCASTER NY 14086

**In Re:**
Erroneous Claim for Refund or Credit
penalty case

**Amount of Assessed Penalty(s):**
$13,196
**I.R.C. Section 6676**

**Tax Period(s) Ended:**
12/2006

Harper International Corporation:

We reviewed the facts of the case along with any additional information you submitted and find no basis to change the original determination to sustain the penalties.

The entire research credit as shown on your amended return Form 1120X (claim for refund) is not allowed. It is determined that your expenses do not qualify for the credit for increasing research activities as shown on your return for the tax year ended December 31, 2006. Further, you failed to produce the required factual support for the assumptions underlying its base period calculations.

Your next level of appeal of the penalties would be to file a formal suit with either the United States District Court or the United States Court of Federal Claims. To continue the appeal you must:

o  Pay the balance due on the assessed penalty(s).
o  File a claim on Form 843 with the Service Center that processed the applicable return and include a statement requesting your claim be immediately disallowed.

You will then be issued a formal notice of claim disallowance. You will have two years from the date of this formal claim disallowance to bring formal suit. For information about procedures for filing suit in either of the courts, contact the clerk of your United States District Court or of the United States Court of Federal Claims.

The balance due (if not already paid) should be paid as soon as possible to avoid additional interest.

**EXHIBIT A**

If you have any additional questions, please contact me at the telephone number listed above.

Sincerely,

Vincent Papol
Appeals Team Manager

cc: Robert G Wonish