# In the United States Court of Federal Claims

No. 14-492 T

Filed: January 12, 2015

```
*****************************************
                                         *
                                         *   Motion to Dismiss, RCFC 12(b)(1);
                                         *   26 U.S.C. § 1346 (United States as
                                         *     defendant);
HARPER INTERNATIONAL CORP.,              *   26 U.S.C. § 6511 (Limitations on
                                         *     credit or refund);
        Plaintiff,                       *   26 U.S.C. § 6532 (Statute of
                                         *     Limitations for tax refund claims);
v.                                       *   26 U.S.C. § 7422 (Jurisdictional
                                         *     prerequisites for tax refund
THE UNITED STATES,                       *     claims);
                                         *   26 C.F.R. § 301.7502-1 (Timely
        Defendant.                       *     mailing of documents and
                                         *     payments treated as timely filed
                                         *     and paying).
                                         *
*****************************************
```

**Michael A. Thompson**, Zerbe, Fingeret, Frank & Jadav, P.C., Houston, Texas, Counsel for Plaintiff.

**Jennifer D. Auchterlonie**, United States Department of Justice, Tax Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER

**BRADEN**, *Judge*.

### I.   RELEVANT FACTUAL BACKGROUND.[1]

Harper International Corp. ("Harper" or "Plaintiff") is a New York corporation engaged in the design and production of thermal processing solutions and technical services for the production of advanced materials. Compl. ¶¶ 5–8. During the 2005–2009 tax years, Harper "engaged in the development of . . . thermal processing solutions, for which qualified research activities were undertaken." Compl. ¶ 9.

---

[1] The relevant facts discussed herein were derived from: the June 9, 2014 Complaint ("Compl.") and Exhibit A attached thereto ("Compl. Ex. A"); an Exhibit to the Government's August 8, 2014 Motion To Dismiss ("Gov't Mot. Ex."); and an Exhibit to the Government's September 22, 2014 Reply ("Gov't Reply Ex.").

On unspecified dates, Harper filed amended tax returns for the 2005 and 2006 tax years with the Internal Revenue Service ("IRS") that claimed $659,800 for qualified research expenses in 2006. Compl. ¶¶ 10–11. Based on the $659,800 in qualified research expenses, Harper claims that it is owed $42,887, as a refund for a research credit, which should be increased to $444,166, "[d]ue to changes in tax regulations and legal precedent." Compl. ¶ 12; *see also* Compl. ¶¶ 1, 10.

On May 2, 2012, the IRS issued a Notice of Disallowance via certified mail. Gov't Mot. Ex. 1. The May 2, 2012 Notice stated that, if Harper wanted to contest the tax due, penalties, or other monies, it must file suit either with a United States District Court having venue or with the United States Court of Federal Claims "within 2 years from the mailing date of this letter." Gov't Mot. Ex. 1.

In June 2012, Harper also received an uncertified note from the IRS, dated June 5, 2012, advising Harper that the IRS found "no basis to change the original determination to sustain the penalties." Compl. Ex. A. The IRS further advised Harper that "a formal notice of claim disallowance" will be issued and that Harper "will have two years from the date of this formal claim disallowance to bring formal suit." Compl. Ex. A.

## II. PROCEDURAL HISTORY.

On June 9, 2014, Plaintiff filed a Complaint in the United States Court of Federal Claims, alleging that the IRS's disallowance for the tax year ending December 2006 is erroneous and that Plaintiff is entitled to: the full amount of the disallowed research credit for the tax year ending December 2006, in the amount of $444,166; utilize the carry-over general business credit from the 2005 tax year, in the amount of $273,071; the maximum interest under the applicable tax laws; and its costs. Compl. ¶¶ 22–26.

On August 8, 2014, the Government filed a Motion To Dismiss, pursuant to RCFC 12(b)(1) ("Gov't Mot."). On September 5, 2014, Plaintiff filed a Response ("Pl. Resp."). On September 22, 2014, the Government filed a Reply ("Gov't Reply").

## III. DISCUSSION.

### A. Jurisdiction.

Section 1346(a)(1) provides that the United States Court of Federal Claims has jurisdiction over:

> Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

28 U.S.C. § 1346(a)(1); *see also N.Y. Life Ins. v. United States*, 118 F.3d 1553, 1556 (Fed. Cir. 1997) (holding that the United States Court of Federal Claims has "jurisdiction over suits seeking the return of money improperly paid to, exacted or retained by the government").

As a jurisdictional prerequisite, however, the taxpayer must first file a timely claim with the IRS.  *See* 26 U.S.C. § 7422[2]; 26 U.S.C. § 6511(a)[3] (setting forth the statute of limitations for tax refund claims).  Next, the tax due must be paid in full.  *See Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993) (holding that a tax refund claim must be dismissed if the "principal tax deficiency has not been paid in full").  If the IRS denies a refund claim, the taxpayer may timely file a suit in the United States Court of Federal Claims that has jurisdiction to adjudicate tax refund claims.  *See* 26 U.S.C. § 6532(a)[4]; *see also* 28 U.S.C. § 1346(a)(1) (recognizing the United States Court of Federal Claims' jurisdiction to adjudicate civil actions for taxes "erroneously or illegally assessed or collected").

**B.     Standard Of Review For A Motion To Dismiss Pursuant To RCFC 12(b)(1).**

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) (allowing a party to assert, by motion, "lack of subject-matter jurisdiction").  When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to

---

[2] Section 7422 of the Internal Revenue Code provides, in relevant part:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary[.]

26 U.S.C. § 7422(a).

[3] Section 6511(a) of the Internal Revenue Code provides, in relevant part:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C. § 6511(a).

[4] Section 6532(a) of the Internal Revenue provides, in relevant part:

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun . . . after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer or a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(1).

3

assume all factual allegations [of the complaint] to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

### C. The Government's August 8, 2014 Motion To Dismiss.

#### 1. The Government's Argument.

The Government moves to dismiss the June 9, 2014 Complaint for lack of subject matter jurisdiction, because it is barred by the two-year period of limitation for commencing tax-refund suits under 26 U.S.C. § 6532. Gov't Mot. at 1. The Government argues that the statute of limitations expired on May 2, 2014, because the IRS notified Plaintiff by certified mail on May 2, 2012 that its 2006 refund claim was disallowed. Gov't Mot. at 3. Therefore, the June 9, 2014 Complaint is untimely and must be dismissed. Gov't Mot. at 3.

#### 2. The Plaintiff's Response.

Plaintiff responds that there is no evidence of the mailing date of the Government's May 2, 2012 Notice and that the Government "has not shown evidence necessary of when the limitations period began and ended." Pl. Resp. at 6. Instead, Plaintiff justifiably relied on the IRS's June 5, 2012 Note that states Plaintiff will be "issued a formal notice of claim disallowance" and "will have two years from the date of this formal claim disallowance to bring formal suit." Compl. Ex. A.

In addition, the accrual date for the statute of limitations "may commence on subsequent communications regarding disallowance when the totality of the factual circumstances show that the taxpayer justifiably relied upon [a] misleading communication by the IRS." Pl. Resp. at 6; *see also Se. Bank of Orlando v. United* States, 676 F.2d 660, 664 (Ct. Cl. 1982) (holding that "the time for filing should be extended when the claimant is understandably confused by a second notice of disallowance, and acts reasonably"); *Haber v. United States,* 831 F.2d 1051, 1053 (Fed. Cir. 1987) (holding that "taxpayers and the court can and should reasonably view the second disallowance as incorporating a reconsideration of the . . . claim previously rejected") (internal quotation and citation omitted); *Miller v. United States,* 500 F.2d 1007, 1011 (2d Cir. 1974) (holding that, when the taxpayer's "reliance on the erroneously issued disallowance notice was not unreasonable[,] . . . the government is estopped from raising the earlier deadline as a bar" to an action (citing *Beardsley v. United States*, 126 F. Supp. 775, 777 (D. Conn. 1954) (holding that statute of limitations did not begin to run until the date of notice of reaffirmance of the disallowance))).

In this case, the expiration date of the statute of limitations was June 5, 2014, and Plaintiff timely filed the June 9, 2014 Complaint with the United States Court of Federal Claims by sending it via certified mail on June 4, 2014. Pl. Resp. at 8. Under the "mailbox rule" set forth in 26 C.F.R. § 301.7502-1(c)(2),[5] a document is considered filed on the date that it was

---

[5] 26 C.F.R. § 301.7502-1(c)(2) provides:

> If the document or payment is sent by U.S. registered mail, the date of registration . . . is treated as the postmark date. If the document or payment is sent by U.S. certified mail and the sender's receipt is postmarked by the postal

placed in the mail, as reflected by the postmark. Pl. Resp. at 7–8. Therefore, the court should deny the Government's Motion To Dismiss. Pl. Resp. at 9.

### 3. The Government's Reply.

The Government replies that the May 2, 2012 Notice governs because it: was printed on IRS letterhead; contained a certified mail number; is addressed to the taxpayer; identified the tax year at issue; described the subject of the refund claim regarding research activities; and provided the IRS's denial of that claim. Gov't Reply at 3. In addition, the IRS included a Declaration of Counsel of Record and a copy of the certified mail receipt, confirming that the Notice was mailed on May 2, 2012 and received by Plaintiff in Lancaster, New York, on May 4, 2014. Gov't Reply at 4; *see also* Dkt. No. 8. Therefore, the two-year statute of limitations expired on May 2, 2014. Gov't Reply at 4.

The June 5, 2012 Note was not mailed to Plaintiff via certified or registered mail, and it simply affirmed the assessed penalties set forth in the May 2, 2012 Notice. Gov't Reply at 5. As such, it was not a formal notice of disallowance. Gov't Reply at 5.

Nevertheless, even if the court measures the two-year limitations period from June 5, 2012, Plaintiff's June 9, 2014 Complaint is still untimely and must be dismissed, because it was filed more than two years after June 5, 2012. Gov't Reply at 6. The "mailbox rule" set forth in 26 C.F.R. § 301.7502-1(c)(2) does not apply to any court other than the United States Tax Court. Gov't Reply at 6. (citing 26 C.F.R. § 301.7502-1(b)(1)(iii) ("The term does not include any document filed in any court other than the Tax Court.")).

The court's rules previously contained a provision "that would have allowed [P]laintiff to seek a corrective order under this [c]ourt's decision in *Charlson Realty Co. v. United States*, 384 F.2d 434 (Ct. Cl. 1967)." Gov't Reply at 7. Former RCFC 3(b)(2)(c):

> allowed the court to deem a complaint filed on the last date allowed by a statute of limitations, if the plaintiff established the following three elements in its motion for a corrective order: 1) that the complaint was sent by registered or certified mail, properly addressed to the clerk of the court; 2) that the complaint was deposited in the mail sufficiently in advance of the last date allowed for filing to provide for receipt by the clerk on or before such date in the ordinary course of the mail; and 3) that the plaintiff exercised no control over the mailing after it was deposited and before it was delivered to the court.

---

> employee to whom the document or payment is presented, the date of the U.S. postmark on the receipt is treated as the postmark date of the document or payment. Accordingly, the risk that the document or payment will not be postmarked on the date that it is deposited in the mail may be eliminated by the use of registered or certified mail.

26 C.F.R. § 301.7502-1(c)(2).

5

Gov't Reply at 7 (citing *Walther v. United States,* 54 Fed. Cl. 74, 76 (2002) (setting forth the three requirements for a corrective order under former RCFC 3(b)(2)(C)). But, this rule is no longer in effect,[6] so Plaintiff may not seek a corrective order. Gov't Reply at 7.

In addition, Plaintiff fails to establish that it sent the June 9, 2014 Complaint "sufficiently in advance of the last date allowed for filing to provide for receipt by the clerk on or before such date in the ordinary course of mail," because the Complaint was mailed from Houston, Texas on June 4, 2014, one day before the statute of limitations expired. Gov't Reply at 7–8. In addition, Plaintiff did not provide any evidence that the Complaint should be deemed filed any date earlier than June 9, 2014. Gov't Reply at 8. Therefore, the June 9, 2014 Complaint should be dismissed for lack of subject matter jurisdiction. Gov't Reply at 8.

### 4. The Court's Resolution.

Section 6532(a)(4) of the Internal Revenue Code provides that:

> Any consideration, reconsideration, or action by the Secretary with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun.

26 U.S.C. § 6532(a)(4).

#### a. Plaintiff Did Not Reasonably Rely On The Internal Revenue Service's June 5, 2012 Note.

The United States Court of Appeals for the Federal Circuit has held that Section 6532(a)(4) of the IRS Code "explicitly prohibits equitable considerations based on the actions of the IRS after a notice is mailed." *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1462 (Fed. Cir. 1998); *see also Marcinkowsky v. United States*, 206 F.3d 1419, 1422 (Fed. Cir. 2000) (holding that 26 U.S.C. § 6532 contains no equitable exception).

Plaintiff cites four cases as support for the proposition that the June 5, 2012 Note extended the statute of limitations period. Pl. Resp. at 6–7. First, in *Se. Bank of Orlando*, the taxpayers filed a second claim for a refund after the IRS rejected their first claim. *See* 676 F.2d 660. But, the IRS rejected the second claim, because the second notice should be reasonably viewed as "incorporating a reconsideration of the . . . claim previously rejected"; so that "a formal reconsideration and disallowance of this type begins a new period of limitations for suit." *Id.* at 662. In this case, however, the June 5, 2012 Note was not formal and was not a reconsideration of the first notice of disallowance. *See* Compl. Ex. A (stating the required steps before issuance of a formal notice of claim disallowance). And, at the bottom of the June 5, 2012 Note, the IRS stated that "[Plaintiff] will then be issued a formal notice of claim

---

[6] *See* RCFC 3(b)(2)(c), United States Court of Federal Claims Rules Committee, Notes (2002 Revision) (stating that "former subdivision (b) [of RCFC 3(b)], which addressed disputes regarding filing dates, was deleted—both in the interest of uniformity and in the belief that it was inappropriate to include a rule of decision as part of a procedural rule").

6

disallowance" and that "[Plaintiff] will have two years from the date of this formal claim disallowance to bring formal suit." Compl. Ex. A. Thereafter, the June 5, 2012 Note confirmed the IRS's "original determination to sustain the penalties" and was not a formal notice of disallowance. Compl. Ex. A. As such, Plaintiff did not reasonably rely on the June 5, 2012 Note. *See Henry v. United States*, 870 F.2d 634 (Fed. Cir. 1989) (holding that the plaintiff failed to show reasonable reliance when the IRS formally disallowed the plaintiff's claim after the plaintiff waived the requirement that the IRS send a notice of disallowance).

Second, in *Haber*, IRS personnel orally directed the taxpayer's accountant to ignore an initial notice of disallowance, but sent a substitute notice to the taxpayer, without referencing the previous notice, to which it was substantially identical. *See* 831 F.2d at 1051–52. Therefore, the United States Court of Appeals for the Federal Circuit held that "[o]n the totality of circumstances . . . [the] taxpayer was entitled to rely on the IRS['s] oral representation that the notice was withdrawn." *Id.* at 1053–54. In contrast, in this case, the IRS did not withdraw the May 2, 2012 Notice.

Third, in *Miller*, the taxpayers waived the notice requirement under 26 U.S.C. § 6532(a)(3), and the IRS misplaced the waiver form and sent a disallowance notice eighteen months later. *See* 500 F.2d 1007. According to the United States Court of Appeals for the Second Circuit, 26 U.S.C. § 6532 "merely nullifies any informal reconsideration after a formal disallowance notice of waiver." *Id.* at 1010. Because both the waiver form and the disallowance notice were equally formal, that appellate court held that the taxpayers' "reliance on the erroneously issued disallowance notice was not unreasonable" and that the Government was estopped from raising the earlier deadline as a bar to the action. *Id.* at 1011.

Finally, *Beardsley* concerned a situation when the IRS withdrew the original notice of disallowance, instructed the taxpayers to ignore the notice, and substituted a customary thirty-day notice. *See* 126 F. Supp. 775. The District Court held that the statute of limitations did not begin to run until the date of notice of reaffirmance of the disallowance. *Id.* at 777.

In this case, the text of the June 5, 2012 Note does reflect an error by the IRS, *i.e.*, the IRS informed Harper that it would receive a formal notice of disallowance in the future, although the IRS had already sent the formal May 2, 2012 Notice to that effect. Compl. Ex. A. This may have confused Plaintiff, who may have been waiting for the forthcoming formal notice before filing the Complaint. But, "even failure to follow an agency practice manual, the provisions of which are not mandated by the Constitution, Federal statute or Federal regulation, has not been held as automatic grounds for estoppel against the government." *Henry v. United States*, 14 Cl. Ct. 795, 800 (1988) (citing *Schweiker v. Hansen,* 450 U.S. 785 (1981)), *aff'd*, 870 F.2d 634 (Fed. Cir. 1989) (holding that "even if reasonable reliance and the other traditional elements of estoppel had been shown . . . [plaintiff] has failed to show . . . affirmative misconduct[.]"). In sum, although the IRS made a procedural mistake, that fact does not relieve the taxpayer of filing a timely protest.

### b. Plaintiff Failed To File Suit Before The Expiration Of The Statute Of Limitations.

Even if the court measures the two-year limitations period beginning on the date the June 5, 2012 Note was sent, the June 9, 2014 Complaint in this case was filed too late, because the Complaint was filed more than two years after June 5, 2012. Plaintiff argues that under the "mailbox rule" set forth in 26 C.F.R. § 301.7502-1(c)(2), a document is considered filed on the date it was placed in the mail, as reflected by the postmark. Pl. Resp. at 7. The "mailbox rule," however, "does not include any document filed in any court other than the Tax Court[,]" 26 C.F.R. § 301.7502-1(b)(1)(iii), and under the RCFC 3, "[a] civil action is commenced by filing a complaint with the court." As such, this case was filed out of time.

Plaintiff's reliance on *Charlson Realty* is misplaced. In that case, the plaintiff, a Minnesota corporation, filed two claims for a refund. *See* 384 F.2d at 438. The District Director of the IRS notified the taxpayer by certified mail that its second claim for refund was disallowed on December 6, 1960. *Id*. The plaintiff filed suit by mailing its petition via First Class certified mail at the post office in St. Paul, Minnesota, on Friday, November 30, 1962. *See id*. at 441. The expert postal employees testified that this First Class letter would arrive in Washington, D.C. on December 1, 2, or 3, 1962, and at the court in due course of mails on December 3, 4, or 5, 1962. *See id*. The mail was stamped December 7, 1962 by the guard of the court at the front door, and the plaintiff's petition was marked filed on December 7, 1962, one day after the last day of the statute of limitations. *See id*. at 442. The court held that because the plaintiff "did everything that could be reasonably expected of it in the mailing of its petition to [the] court[,]" the court assumed that the petition was "mailed in plenty of time for it to reach the court in due course of the mails within the limitation period." *Id*. at 445. Moreover, this presumption was conclusive, because "it ha[d] not been rebutted by direct, positive, clear and convincing evidence." *Id*.

In this case, Plaintiff mailed the Complaint from Houston, Texas, on June 4, 2014, one day before the statute of limitations expired. Plaintiff, however, proffered no evidence indicating that it selected next day delivery or overnight delivery. In other words, Plaintiff did not "d[o] everything that could be reasonably expected" to assure the Complaint would reach the court by June 5, 2014. *Id*. As such, Plaintiff failed to establish that the Complaint should be deemed filed any date earlier than June 9, 2014.

### IV. CONCLUSION.

For these reasons, the Government's August 8, 2014 Motion To Dismiss is granted. *See* RCFC 12(b)(1). Accordingly, the Clerk of the Court is directed to dismiss the June 9, 2014 Complaint.

**IT IS SO ORDERED.**

 s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**